In re BILL'S ESTATE.

BILLS et al. v. FULLER.

L. A. No. 1478; November 24, 1903.

74 Pac. 704.

**New Trial.**—On Appeal from an Order Granting a new trial, the supreme court has no jurisdiction to reverse the judgment.

APPEAL from Superior Court, Los Angeles County.

Proceedings by Joseph B. Fuller for the probate of the will of Anna May Bills, deceased. From an order granting a new trial, Robert John Bills and another appeal. Reversed, and previous order reversing judgment vacated and remittitur recalled.

Isidore B. Dockweiler for appellants; Bower & Hutchinson for respondent.

PER CURIAM.—This is an appeal from an order granting a new trial. In pursuance of an agreement of compromise, by which the controversy between the parties to the appeal has been settled, the respondent has stipulated that the order appealed from may be reversed. By inadvertence, the court, upon the presentation of the stipulation, made and entered an order reversing the judgment. This order was, of course, nugatory, not only because it was inadvertently made, but because, in the absence of an appeal from the judgment, we had no jurisdiction to reverse it. Nevertheless a remittitur thereon has been issued and sent to the superior court. It is therefore ordered that said remittitur be recalled, and the order reversing the judgment vacated. It is further ordered, in pursuance of the stipulation heretofore filed, that the order granting a new trial be, and the same is hereby, reversed. Remittitur forthwith.